# Rogers *v.* Johnson.

*Bill in Equity for the Establishment of a Trust and for an Accounting.*

1. *Trust and trustee; when trust established, and trustee should render account.*—A bill filed to establish a trust and to require the trustee to render an account as such, averred that the complainant, being engaged in the mercantile business, became indebted, but that the value of his stock of goods was greatly in excess of his debts; that in consideration of the respondent agreeing to indorse his note for a part of his indebtedness which was then due, and vouch for the payment of the balance, the complainant transferred his stock of goods, notes and accounts to the respondent to secure him as the indorser for complainant on said indebtedness, with the understanding that complainant should continue the business as before, except that it should be carried on in the name of respondent, until enough of the stock was sold and collections made to pay off said indebtedness, and that when the same was paid off, the remainder of said stock of goods, notes and accounts unsold and uncollected should revert to the complainant; that in violation of the agreement the respondent turned complainant out of the business, took possession of the stock of goods, sold a part of the stock of goods for a sum greater than the indebtedness, kept the balance, failed to pay off the indebtedness and suffered judgment to be recovered against the complainant by his creditors, and a part of his other property sold under execution issued thereon. *Held:* that the averments of the bill establishes a complete legal trust between the parties, out of which arises the duty of the respondent as trustee to make an accounting to the complainant, and that for the enforcement of such trust and to compel such an accounting, the bill contained equity.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellant, M. B. Rogers, against the appellee, T. L. Johnson. The facts of the case are sufficiently stated in the opinion.

The defendant demurred to the bill and moved to dismiss it for the want of equity. On the submission of the cause on this demurrer and motion, each was sustained by a decree of the chancellor. From this decree

[Rogers v. Johnson.]

the complainant appeals, and assigns the rendition thereof as error.

J. H. and W. B. SAVAGE, for appellants.

GEORGE D. MOTLEY, *contra*.—The bill in this case being filed to enforce a right arising from the breach of contract, the court will not entertain the suit.—*Hooper v. S. & M. R. R. Co.*, 69 Ala. 529.

HEAD, J.—The demurrers to the bill and the motion to dismiss it for want of equity were sustained by the chancellor, and the appeal is from the decree in that behalf. The bill avers that in January, 1892, complainant was engaged in mercantile business, and became indebted in about the sum of $2,500, of which $1,000 were due and demanding payment; that he had in store about $6,500 worth of goods at wholesale cost prices, and notes and accounts to the amount of about $1,000; that he made an agreement with respondent that the latter was to "indorse and have payment extended on the $1,000," until complainant "could sell goods and make collections sufficient to pay the $1,000, and was also to vouch for the payment of the balance of about $1,500, in consideration of which complainant agreed to and did assign as security, by inventory and bill of sale, his entire stock of goods, notes and accounts, in trust to secure the same," to respondent, "to secure him as indorser for complainant on said indebtedness, with the understanding that complainant should continue in the business as before, except the business was to be carried on in the name of respondent until enough of said stock was sold and collections made to pay off said indebtedness, and the same paid off, and the remainder of said stock of goods, notes, and accounts unsold and uncollected was to revert to complainant, and to be his property." Complainant undertook to carry out this agreement, and continued under the same until about the —— day of April, 1892. It was agreed that current expenses were to be paid out of the sales made, and the balance paid on the indebtedness, and, whenever complainant could realize enough on the stock and notes and accounts to pay off the indebtedness, he had the right to do so, and release respondent as indorser. In March, 1892, com-

[Rogers v. Johnson.]

plainant had an offer of a party to purchase a half interest in the stock, business, notes and accounts at $2,500, and was about closing the trade when it was broken up by the interference of respondent; and respondent then turned complainant out of the business, in violation of the agreement, and sold a part of the stock of goods for $2,650, and kept the balance, and thereby wronged and defrauded complainant out of $4,000, or more. Respondent failed to pay off the said indebtedness, and suffered suit to be brought against complainant, judgment obtained, and other property of complainant sold under execution to satisfy a part of said indebtedness, and has never rendered any account of his transactions with said goods, or made any settlement with complainant about the matter. The prayer is that respondent be held a trustee for complainant, and required to account as such, and for general relief. It is insisted only, in support of the ruling of the chancellor, that complainant has a complete and adequate remedy at law.

It has been seen that, by the terms of the agreement, the respondent was not to become entitled to the possession of the assigned property at any time, but complainant was to retain possession, and undertook the duty of selling the goods, and collecting the notes and accounts, and paying therewith the secured indebtedness. The agreement, therefore, created in respondent no greater interest than an equitable lien upon the property for his security or indemnity as indorser, and, so long as the complainant was diligent and faithful in the performance of his undertaking, the respondent was without right to interfere with his possession and proper administration of the property. If the complainant had proven unfaithful in the performance of his duty under the agreement, or, for sufficient cause, it had become necessary to the security created by the agreement that complainant's possession and administration of the property be terminated and conferred elsewhere, a bill in equity by the respondent, or the secured creditors, or both, was the proper remedy. Under the facts averred in the bill, the interference with and dispossession of complainant by the respondent were tortious, for which an action in tort would have been maintainable by the complainant. But it was competent for the complainant to deliver, and the

[Nicrosi v. Roswald.]

respondent to receive, the assigned property, under and for the purposes of said security; and in that event the respondent would have become the legal trustee, charged with the due administration and appropriation of the property to the purposes of the trust, and the duty of a true accounting to the complainant. What may be done by original agreement may be accomplished by ratification. The respondent, confessedly (though acting tortiously), took possession under and by the virtue of the security of which the goods had been made the subject, and for the purposes of that security. By filing this bill, the complainant distinctly waived the tortious taking, and elected to treat the possession for the like purposes of the trust for which the respondent took it, and this waiver and election had reference, by relation, to the time of the taking. Thus, a complete legal trust was established between the parties, out of which grows the duty of the respondent, as trustee, of making due account to the complainant; and the court of equity is open to complainant to compel such accounting. The bill, therefore, contains equity, and was not subject to any of the grounds of demurrer interposed.

There was no element of a trust in *Hooper v. Railroad Co.*, 69 Ala. 529, cited by respondent's counsel. The demurrer makes no objection on account of the non-joinder of the secured creditors whose debts remain unpaid. It may be well to inquire if the trust can be safely and properly administered in their absence. Reversed, decree here rendered overruling the demurrers and motion to dismiss, and cause remanded. Respondent may answer within 30 days, with power in the chancellor to extend the time on proper showing.

Reversed, rendered and remanded.